### ENG JUNG v. UNITED STATES.
#### No. 4490.

Circuit Court of Appeals, Third Circuit. Dec. 24, 1930.

John H. Kafes and J. Richard Kafes, both of Trenton, N. J., for appellant.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Douglas M. Hicks, Asst. U. S. Atty., of New Brunswick, N. J.

Before WOOLLEY, Circuit Judge, and THOMSON and WATSON, District Judges.

THOMSON, District Judge.

This is an appeal from a conviction on an indictment drawn under the Harrison Narcotic Act (26 USCA § 211, and § 691 et seq.). The indictment contains two counts. The first count charges that defendant willfully and fraudulently received and concealed a certain quantity of narcotic drugs after the same had been fraudulently and unlawfully brought into the United States.

The second count charges the defendant as a person who sold, dealt in, distributed, and gave away preparations of opium, and that he did unlawfully and fraudulently have in his possession, and under his control, certain preparations of opium, and did not register his name, place of business, etc., with the Commissioner of Internal Revenue, as required by law. He was convicted on both counts, and sentenced to the penitentiary for two years and six months.

The substantial question is whether the court erred in refusing to direct a verdict for the defendant at the conclusion of the evidence.

There does not appear to be any evidence whatever to support the verdict of guilty on the second count. This count is based on the failure of defendant to register. No one under the Harrison Narcotic Act is required to register, except those who import, deal in, manufacture, sell, or distribute or give away opium or its derivatives, and there is no evidence whatever that the defendant came within any one of these classes.

We think also there is not sufficient evidence to support the verdict of guilty on the first count. The learned court said: "There is no evidence, I think, which directly shows that the defendant either had on his person or actually in a room which he occupied, any of the narcotics. The allegation is, as I understand it, on the part of the Gov-

ernment, that he was cognizant of the situation and that he had become interested in the possession of the opium and the utensils which were found in his place."

If it be conceded that defendant was cognizant as to what was going on among his tenants, he was not charged with cognizance of evil doing. If the court treated the first count merely as a count charging unlawful possession, and nothing more, there was no evidence of unlawful possession, unless possession be presumed from the fact that a landlord living in a house, whose rooms are separately leased to numerous tenants, possesses opium. This is too remote a possession to constitute a crime, as it is equally consistent with innocence.

The evidence shows that the defendant's apartment was separate and distinct from the rooms occupied by the other Chinamen. The raiders found the defendant's door unlocked, entered his room, and made a thorough search of his apartment. There they found a scale on his desk, customarily used in weighing opium, a lease book, showing payments of rent, and certain other papers. This was the whole case against the defendant. No narcotics of any kind were found in his apartment. There was no evidence that any narcotics were in his possession or under his control. The government sought to draw the conclusion that the opium found in the possession of certain tenants was in the possession of the defendant. Aside from the question of possession in fact, it could not be said that there was even constructive possession. Such possession could not be assumed from the facts shown. If it be granted that the facts shown are sufficient to raise a suspicion against the defendant, verdicts in criminal cases cannot rest on suspicion. The sanction of the law requiring proof of guilt, beyond reasonable doubt, intended for the protection of innocence, must be steadily observed.

Being fully of the opinion that the evidence was not sufficient to support a verdict of guilty on either count of the indictment, the judgment is accordingly reversed.